CASE 79—MORTGAGE—DECEMBER 20, 1883.

# Jefferson County Building Association v. Heil, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Heil and wife signed a mortgage to appellant, but their acknowledgment, taken by a deputy clerk of the Jefferson county court, "1875, October 26, acknowledged by Heil and wife, and or. and recorded in deed-book 194, page 346," was not signed by deputy or principal, nor subsequently written out in full by the clerk. The recorder, who was not a deputy clerk, recorded a certificate in due form, as if it had been placed upon the mortgage. Held: There is no certificate of acknowledgment, in the sense of the statute, that will pass the title of a married woman.
2. There is no evidence that Bischoff ever accepted the deed or did any act equivalent to it.
3. The fact that a grantor executed a deed, and had it recorded for the supposed benefit of the grantee, does not raise the presumption that it ever was accepted.

M. A. & D. A. SACHS AND JNO. & J. W. RODMAN FOR APPELLANT.

The question is, whether the record ought not to govern, whether a record can be impeached? It is clear that no third parties are interested. Appellant shows a mortgage acknowledged and recorded according to the statute. The record of the clerk can not be contradicted without an averment of fraud.

VOL. LXXXI—33

The cases cited by appellees' counsel are those of defective certificates, recorded simply as they were, making the record a true record of the facts as they stood. (Harpending v. Wylie, 14 Bush, 386; Pribble v. Hall, 13 *Ib.*, 65; Gen. Stats., chap. 24, sec. 30; Prewitt v. Graves, 5 J. J. Mar., 117; 12 Gratt., 277; Green v. Goodrum, 4 Met., 276.)

KOHN & BARKER FOR APPELLEES.

In order to pass a married woman's interest in real estate it is absolutely necessary to endorse the certificate of her acknowledgment on the original instrument. A failure to do so is fatal to the conveyance. The rule is that all the requirements of the statute must be complied with. Without the signature of the clerk the certificate as to the married woman is a nullity. (Harpending v. Wylie, 13 Bush, 158; Wing v. Hayden, 10 *Ib.*, 176; Gen. Stats., sec. 1, art. 1, chap. 16; *Ib.*, sec. 21, chap. 24; *Ib.*, sec. 23, chap. 24; 1 Peters, 328; McCormack v. Woods, 14 Bush, 78.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The mortgage for $3,400 was signed by Heil and wife. Their acknowledgment was taken by a deputy clerk, who entered upon the mortgage the following memorandum: "1875, October 26, acknowledged by Heil and wife, and or. and recorded in deed-book 194, page 349," which was not signed by him, or subsequently written out in full by the clerk. A recorder employed in the office to record deeds, who was not a deputy clerk, supposing the unsigned memorandum would be perfected after recording the mortgage, recorded a certificate in due form, as if it really existed and had been upon the mortgage. The defect consists in a failure of the deputy to sign the memorandum, and of the clerk to allude to the manner in which the acknowledgment appeared to have been taken. Section 38 of chapter 24, General Statutes, requires the clerk to write out and sign a certificate setting forth the facts, including the endorsement made by a deputy where the latter fails to write one, and sign the certificate himself. And when the clerk shall have done this, that section makes it lawful to record the deed and certificate, as if the deputy had certified and

signed it. This statute was not complied with in any respect. From it, and sections 21 and 23 of the same chapter, it is fairly deducible that the legislature intended to require that the memorandum should be signed by the deputy, and appear upon or attached to the instrument, and so with a complete certificate, whether written out by the deputy or the clerk. When, therefore, there is neither a signed memorandum nor a completed certificate on or attached to the deed or instrument, or in existence, there is no certificate of acknowledgment, in the sense of the statute, that will render the deed or mortgage of a married woman effectual to pass the title. (McCormack v. Woods, &c., 14 Bush; Franklin v. Becker and wife, 11 Bush; Womack and Wilson v. Hughes, Littell's Sel. case.) We are of the opinion that the certificate entered on the deed-book has no validity, because there was no original from which it was copied.

In cases like the present there is no danger to arise from disregarding the recorded certificate, for the original mortgage, after it was recorded, was withdrawn from the clerk's office by the mortgagee, its proper custodian, and made the basis of the suit for its foreclosure. In addition to this, it is conclusively shown that the original, with the unsigned memorandum, are precisely in the condition they were when improperly put to record. It is truly said in the case of Elliott, &c., v. Peirsol, &c. (1 Peters), that "it is the fact of recording, and not of acknowledgment, that makes the deed effectual;" but here we have a different state of facts, and may with equal correctness say that the fact of recording a legally certified acknowledgment is the essential prerequisite to the conveyance of the title of a married woman, and this is believed to be universal, and the conclusive facts which render her deeds effectual in the absence of averment and

proof of fraud, or mistake in certifying the acknowledgment. The record should be a correct manifestation of the original instruments required to be recorded, and for this reason, which is clearly shown by the original itself, the recording, by the clerks employed, of an anticipated but nonexistent certificate, in violation of the clerk's duty and contrary to the object of the registry laws, imparted no validity to the unofficial memorandum entered upon the mortgage, and furnishes of itself, not being a copy of such a certificate, no evidence of an acknowledgment by Mrs. Heil.

Appellant's counsel insist that there was a conveyance of the property embraced by the mortgage *pendente lite* by Heil and wife to his father-in-law, Bischoff. Delivery and acceptance of the deed were denied by the parties to it, and there is no evidence that Bischoff accepted the deed, or did any act equivalent to or tending to prove actual acceptance, nor do the circumstances afford a reasonable presumption of the fact. The mere fact that Heil and wife executed and caused the deed to be recorded does not raise any presumption of law in the absence of facts showing that the deed was beneficial to the grantee, and that it was to his interest to accept it, that he accepted the deed. Such a presumption is never conclusive, and partakes of the nature of a presumption of fact rather than law, and when relied upon by a third party, whose conduct has been unaffected by the existence of the deed, or disputed by those whose rights have attached to the property embraced by the deed before its actual acceptance, that question is open for inquiry, and the execution and registration of the deed then are mere facts competent with other evidence to prove the fact of actual acceptance. Consequently there is not enough evidence, there being nothing but execution and registration.

·of the deed to prove its acceptance by Bischoff, which he ·emphatically denies.

Mrs. Heil was not a party to the original suit for fore-·closure, and, according to Wing v. Hayden (10 Bush), she was not precluded by the judgment of foreclosure from .asserting, with her husband, the right to $1,000 of the pro-·ceeds of the sale in lieu of homestead, the property being ·indivisible, and had necessarily been sold as a whole to sat-isfy the mortgage, which was legally acknowledged and recorded. The case of Harpending's ex'r v. Wylie, &c. ·(13 Bush), ·is not applicable to this case. Sixty days from ˉthe chancellor's decree of foreclosure and sale had not ex-pired when the petition of Heil and wife was presented; ·hence, for that reason and others not necessary to enumer-.ate, the matter they asked to be adjudicated was not *res adjudicata*, and there was no error in allowing the petition ˛to be filed.

Wherefore, the judgment is affirmed.